UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5790 RSM <br><br> **ORDER AFFIRMING DENIAL OF BENEFITS** |

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her testimony and medical opinions regarding napping, and erred by rejecting the opinion of treating psychiatrist John Frederick, M.D. Dkt. 15. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 58 years old, has a high school education, and has worked as a receptionist and a radio dispatcher/clerk. Dkt. 13, Admin. Transcript (Tr.) 93, 39, 24. Plaintiff applied for benefits in 2018, and alleges disability as of May 1, 2018. Tr. 15. After conducting a hearing in July 2019, the ALJ issued a decision finding Plaintiff not disabled. Tr. 29-90, 15-24. In pertinent part, the ALJ found Plaintiff's severe impairments of major depressive disorder and

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

obesity limited her to light-exertion work with detailed, not complex, instructions and without a fast pace.  Tr. 17, 20.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.    Plaintiff's Testimony**

The ALJ could discount Plaintiff's testimony as to symptom severity only by providing "specific, clear, and convincing" reasons supported by substantial evidence, not merely "germane" reasons as Plaintiff asserts.  *Trevizo*, 871 F.3d at 678; Dkt. 15 at 2.  Plaintiff contends the ALJ erred by rejecting her testimony she cannot work because she "would need to sleep during the middle of the day, probably once or twice during the middle of the day," and "once to twice a week [she does not] get out of bed at all."  Tr. 53, 60.

The ALJ discounted Plaintiff's testimony based on inconsistent statements, improvement with medication, unremarkable mental status examinations, and conflict with her activities.  Tr. 21-22.  The first two reasons were sufficient.

In August 2018 Plaintiff reported "Adderall … has helped her energy and appetite" and she "overall feels much better and healthier."  Tr. 381; *see also* Tr. 344 ("She clearly thinks that the Adderall helped a lot.").  "Such evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).  Plaintiff argues the evidence shows some improvement but not enough to contradict her testimony. Dkt. 15 at 4.  The Court disagrees.

In June 2018 Plaintiff reported "she's not needing to take naps like she was."  Tr. 399.  In

September 2018 Plaintiff reported she is only "occasionally napping, not every day." Tr. 394. These statements contradicted Plaintiff's testimony she naps daily, "once or twice during the middle of the day." Tr. 53. Inconsistent statements provided a clear and convincing reason to discount Plaintiff's testimony. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) ("Factors that an ALJ may consider in weighing a claimant's credibility include … inconsistencies in testimony….").

Plaintiff argues even occasional napping precludes work.[1]  Having established Plaintiff's statements contradicted each other, the ALJ was not then required to accept one of the statements. Plaintiff inaccurately states the ALJ accepted her statement about "only occasionally needing to nap and not needing to nap every day." Tr. 22. The ALJ noted the statement as a reason to discount Plaintiff's testimony of daily naps, but did not accept the statement at face value. *See* Tr. 21-22. Plaintiff fails to show the ALJ erred in rejecting her testimony of needing to nap during the work day.

Plaintiff argues "none of the providers, including DDS physician Dr. Fitterer whose opinion [the ALJ] gave weight to, rejected that she would need daytime naps to some degree." Dkt. 17 at 4. However, none of the medical opinions support a need for daytime naps. *See* Tr. 135 (JD Fitterer, M.D., opined Plaintiff could work full time but was limited to light work due to her "sleep pattern"). Plaintiff fails to show the ALJ erred in rejecting her testimony or in interpreting the medical opinions.

The Court concludes inconsistent statements and improvement with treatment were clear

---

[1] Plaintiff's counsel is reminded to provide citations to the record to support factual assertions. *See* Scheduling Order, Dkt. 14 at 2 ("The opening brief must … cite to the specific pages of the administrative record and the relevant legal authority that support each argument and request for relief."). Here counsel asserts "needing to nap even occasionally would preclude all employment according to the Vocational Expert" without any citation whatsoever. *See* Dkt. 15 at 4.

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

and convincing reasons to discount Plaintiff's testimony.  Inclusion of any erroneous reasons was harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'").

**B.      John Frederick, M.D.**

The parties disagree on the standard of review, but the Court need not address the dispute because neither party shows it would change the outcome here.  Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence.  The ALJ must articulate and explain the persuasiveness of a medical opinion based on "supportability" and "consistency," the two most important factors in the evaluation.  20 C.F.R. § 404.1520c(a), (b).  The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion.  *Id*. at (c)(1)-(2).

In July 2019, Dr. Frederick opined Plaintiff suffered from major depressive disorder and "[f]atigue requiring napping at times in unpredictable ways."  Tr. 482.  She would be absent at least one day per week, and four to five days per week her symptoms would "impact her ability to complete an 8-hour workday."  Tr. 483.  "Her inability to work began sometime [before] April 12, 2018."  *Id*.

The ALJ found Dr. Frederick's opinions "not persuasive" because they were "inconsistent with and not supported by the medical record" and his own normal mental status examination results.  Tr. 23.  Dr. Frederick's treatment notes state Plaintiff reported she "benefited from an empiric trial of Adderall historically," and in April 2018 he had her "resume Adderall, off label, for atypical depression and fatigue."  Tr. 407-08.  Subsequently, Dr.

ORDER AFFIRMING DENIAL OF BENEFITS
- 4

Frederick's own treatment notes from June and September 2018 show Plaintiff's symptoms improved considerably with Adderall, including reducing her napping. *See* Tr. 381, 394, 399. This degree of improvement contradicts Dr. Frederick's opinions of disability since April 2018.

The Court concludes the ALJ did not err by discounting Dr. Frederick's opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE